**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES M. PLEVYAK, II, | ) | CASE NO. 4:16CV218 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MICHELLE MILLER, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner James M. Plevyak, II's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was indicted on September 1, 2011, by a Trumbull County Grand Jury on four counts of Gross Sexual Imposition and one count of Disseminating Matter Harmful to Juveniles.  On February 22, 2013, a jury found Petitioner guilty on three counts of Gross Sexual Imposition and not guilty on the remaining count.  The court dismissed the charge of Disseminating Matter Harmful to Juveniles upon the state's Motion.  On April 10, 2013, the trial court imposed a three year prison term on each count of Gross Sexual Imposition, to be served consecutively for an aggregate sentence of nine years.  The trial court issued a *nunc pro tunc* judgment entry of sentence on August 7, 2013, providing notice that Petitioner was required to register as Tier III Sex Offender.

Petitioner filed a timely Notice of Appeal in the Ohio Court of Appeals.  On June 30, 2014, the Court of Appeals affirmed the Judgment of the trial court.  Petitioner filed a timely Notice of Appeal to the Ohio Supreme Court.  The Supreme Court declined to accept jurisdiction of the Appeal on January 28, 2015.

Petitioner filed the instant Petition on January 28, 2015, asserting one ground for relief:

> **GROUND ONE:** A trial court violates a criminal defendant's constitutional rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution by permitting extensive evidence by the State of a criminal defendant's other bad acts in violation of state notice requirements concerning such and conducting no analysis of the admissibility of said other bad acts.

On February 2, 2016,  this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on July 25, 2017.  On August 29, 2017,  Petitioner filed his Objections

to Report and Recommendations of Magistrate Judge.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v.*

3

*McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.")*; Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (citation omitted)).

Here, Petitioner's sole Ground for Relief challenges the trial court's admission of evidence of other acts at trial. The Eleventh District Court of Appeals rejected this claim finding that the trial court may have committed error in admitting the other acts evidence when the defense did not receive pretrial notice of it, however, any error was harmless. Petitioner claims that the evidence was not harmless as Petitioner suffered prejudice as a result.

The Magistrate Judge thoroughly reviewed the record of the Court of Appeals. The Court of Appeals found that Under Evid.R. 404(B) other acts may be admissible to show the background of the crimes with which a defendant is charged, or when the other acts are " 'inextricably related' " to those crimes. *State v. Lowe*, 69 Ohio St.3d 527, 531, 634 N.E.2d 616, quoting *State v. Curry*, 43 Ohio St.2d 66, 73, 330 N.E.2d 720 (1975). The Court of Appeals further found that the admission of improper evidence is harmless if the remaining evidence provides overwhelming proof of the defendant's guilt. *State v. Sage*, 31 Ohio St.3d 173, 181, 510 N.E.2d 343 (1987).

The state presented evidence at trial that Petitioner had additional incidents of exposing himself and other acts with this victim that were not prosecuted. The state argued that these acts were inextricably woven with the other facts in the case. Petitioner's counsel acknowledged to the trial court that he was aware of the other acts evidence from open file discovery and was not surprised by the state's intent to

4

introduce this evidence at trial. The Court of Appeals found that Petitioner was not prejudiced by the lack of pretrial notice. The Court agrees with the Court of Appeals that the trial court did not abuse its discretion in allowing the other acts evidence to be admitted. The Court of Appeals found that the remaining evidence against Petitioner was overwhelming and certainly sufficient for the jury to find Petitioner guilty. The Court finds that any error in admitting the other acts evidence was harmless.

The Magistrate Judge points out that to the extent that Plaintiff's claim alleges violations of Ohio evidentiary law, it is not cognizable on federal habeas review. Generally, "alleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review." *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012); *see also Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001) (noting that federal habeas courts "do not pass upon 'errors in the application of state law, especially rulings regarding the admission or exclusion of evidence'" (quoting *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988)). However, when an evidentiary ruling has denied fundamental fairness it may be a due process violation. That did not occur here.

The Court agrees with the Magistrate Judge that although the trial court may not have articulated on the record its application of the test required under Ohio law to determine whether other acts evidence is admissible, this does not amount to a due process violation. The trial court gave a limiting instruction regarding the other acts evidence. The evidence was presented to show the jury an accurate picture of Petitioner's crimes, not his character, by providing proper background evidence. The Court agrees that Petitioner has not shown that the Court of Appeals' decision affirming the trial court's admission of other acts evidence violated his federal due process rights.

5

Therefore, this claim is not cognizable on federal habeas review.

In Petitioner's Objections he contends that because the Magistrate Judge took over one year to produce the Report and Recommendation it is an indication that the legal issues were difficult to reach. On the contrary, the Magistrate Judge took the necessary time to thoroughly and accurately review all the issues as well as the record of the Court of Appeals and provide the Court with an exhaustive and clear recommendation.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date: October 24, 2017

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge